UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

KIMBERLY S. DAVIS,  Case No. 15-30158-dof
    Debtor.  Chapter 13 Proceeding
                                                           Hon. Daniel S. Opperman
_____/

## OPINION REGARDING DISCHARGE OF DEBTOR

The facts in this matter are straightforward and not in dispute. The issue of the discharge is important to the Debtor, who has raised a novel argument supporting her right to receive a discharge. For the reasons stated in this Opinion, the Court will not grant the Debtor a discharge because 11 U.S.C. § 1328(f) prohibits the Court from doing so.

### Findings of Fact

Kimberly Davis filed a Chapter 7 Petition with this Court on June 22, 2011, and received a discharge from this Court on September 27, 2011. On January 22, 2015, she filed a Chapter 13 Petition with this Court and filed a Chapter 13 Plan on February 6, 2015. She did not acknowledge that she was not entitled to a discharge, so the Court entered an Order to Show Cause on the same day directing the Debtor or her counsel to explain why the Debtor should receive a discharge. At the first hearing, counsel appeared and argued that a determination of whether the Debtor was entitled to a discharge was premature because Federal Rule of Bankruptcy Procedure 4004(a) required that a motion objecting to the Debtor's discharge had to be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Accordingly, the Court continued the hearing to May 20, 2015. Counsel again appeared and argued that since no motion was filed, the Debtor was entitled to a discharge. After hearing arguments, the Court took this matter under advisement.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (J) (objections to discharges).

All issues before the Court in this case are governed by Title 11 of the United States Code.

## Applicable Law

11 U.S.C. § 1328(f) states:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge —
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

28 U.S.C. § 2075 states:

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.

Such rules shall not abridge, enlarge, or modify any substantive right.

Fed. R. Bankr. P. 4004(a) states:

> (a) Time for Objecting to Discharge; Notice of Time Fixed. In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation. In a chapter 13 case, a motion objecting to the debtor's discharge under §1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

Analysis

The Debtor filed her Chapter 13 Petition within 4 years of her Chapter 7 Petition, so 11 U.S.C. § 1328(f) applies. The Debtor concedes the language of the statute, but argues that Rule 4004(a) mandates that a motion to object to the discharge must be filed within 60 days after the first day of the meeting of creditors. Here, no such motion was filed, so, per the Debtor, the Court may grant a discharge.

In support, the Debtor analogizes this situation to a Chapter 7 where an objection to discharge must be filed within the same 60-day deadline, with citation to decisions of this District. *See In re George E. Daudlin, Jr.,* Case No. 09-77220; *In re George Davis,* Case No. 11-47471; and *In re Haitham Elias,* Case No. 13-55368.

Sections 1328(f) and 727(a), however, are much different. Section 1328(f) states "the court shall not grant a discharge . . ." if a discharge was received by the debtor within four years. However, Section 727(a) states "The Court shall grant the debtor a discharge, unless . . ."certain conditions exist. The statutory mandate for each section is opposite: In Section 1328(f), the court is directed to not do something if a specific condition exists, but in Section 727(a), the court is directed to do something absent a specific condition.

Rule 4004(a) directs parties to file an objection to discharge in a Chapter 7 case so the Court has a clear date to look to see if an impediment to granting an objection exists. If no objection is filed, Section 727(a) directs the Court to grant a discharge. While the same time period exists in a Chapter 13, the lack of an objection does not direct this Court to grant a discharge. Instead, Section 1328(f) directs the Court to not grant a discharge if certain conditions exist. One of those conditions exists here. The two statutes are different, so no guiding analogy can be made.

While the Debtor is correct that no motion to object was filed in this case, Rule 4004 cannot

3

supersede Section 1328(f) because 28 U.S.C. § 2075 states as much.  To the extent that persuasive authority exists in other districts, this Court declines to follow those authorities and will rely on 28 U.S.C. § 2075 and the clear direction of Section 1328(f).

After some reflection, the Court did consider why only the Court raised this issue.  If no creditor cared whether the Debtor received a discharge, why should the Court look into the matter further?

First, in this Court's view, Section 1328(f) does not allow the Court to grant the Debtor a discharge.  Second, as the United States Supreme Court stated in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277-78 (2010), plans that violate Section 1328 should not be confirmed, even when no creditor objects.  To that end, this district requires debtors to acknowledge if they are not entitled to a discharge in the plan.  When that acknowledgment is not made and the Court suspects a discharge should not be granted, an order is entered and a hearing held to explore the issue.  After review of the matter, the Court concludes the Debtor is not entitled to a discharge.

Finally, the Court notes that debtors do get some benefit in a Chapter 13 even if no discharge is granted.  The protection of the automatic stay, orderly payment of creditors via a Chapter 13 Plan and Trustee, and supervision of financial affairs all exist.  Moreover, debtors are never precluded from receiving another discharge in a different case, but only when a certain specific time period has run per the statute.

## Conclusion

The Court cannot grant the Debtor a discharge in this proceeding because of the prohibition in 11 U.S.C. § 1328(f). The Court will enter an Order consistent with this Opinion.

**Signed on May 29, 2015**

                                                  **/s/ Daniel S. Opperman**
                                                  **Daniel S. Opperman**
                                                  **United States Bankruptcy Judge**

5

15-30158-dof    Doc 40    Filed 05/29/15    Entered 05/29/15 16:26:54    Page 5 of 5